NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2339
_____

LANA L. SCHRODER,
                                  Appellant

v.

PLEASANT VALLEY SCHOOL DISTRICT


_____


On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 3-09-cv-00792)
District Judge: Honorable Edwin Kosik

Submitted Under Third Circuit L.A.R. 34.1(a),
November 15, 2011

BEFORE:  FUENTES, CHAGARES, *Circuit Judges* and RESTANI,[*] *Judge*

(Opinion Filed: January 18, 2012)
_____

OPINION OF THE COURT
_____

---

[*] Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

FUENTES, *Circuit Judge*.

Appellant Lana Schroder appeals from the District Court's Decision and Order granting summary judgment in favor of her employer, the Pleasant Valley School District and dismissing her federal race, gender and national origin discrimination claims. We will affirm.

**I.**

As we write solely for the parties, we discuss only those facts necessary to our decision.

Lana Schroder, who is a half-Japanese, half-Caucasian female, worked as a substitute bus aide for the Pleasant Valley School District. A substitute bus aide is a person who is called in to replace permanent or part-time bus aides who are unavailable. They do not have seniority and are at-will employees. The substitute is on-call and does not work a regular schedule. Schroder was hired in October 2005 and worked somewhat regularly for a year. She was evaluated twice and both times she received excellent marks for her performance but "needs improvement" on her reliability. Her second evaluation noted that she needed to be more consistent in reporting to work. Her immediate supervisors also testified that when she showed up, she was good at her job but that she was unreliable and would "frequently" call in at the last minute and not show up for work. After her first evaluation, she wrote to her supervisor and explained that she was frequently absent because of doctor's appointments resulting from an earlier car accident. In November 2006, she showed up for work, without being called in, and was

told to go home because there was no work for her at that time. She has not been called into work since then. Around the same time, the School District hired three new substitutes, all white, and at least one of them was given a permanent position.

Schroder wrote to Dr. Frank Pullo, the Superintendent of the School District, to inquire why she was taken off the bus aid schedule. Dr. Pullo responded that she was still listed as an active substitute and that perhaps she received less work because they had hired a number of other bus aides. After exhausting her administrative remedies, Schroder filed suit in district court. This appeal followed.[1]

## II.

Schroder puts forth two theories of discrimination, specifically a pretext theory and a mixed motive theory.

As she offers no direct evidence of discrimination, Schroder's pretext theory is analyzed under the familiar *McDonnell-Douglas* burden shifting analysis. *Sheridan v. E.I. Dupont de Nemours and Co.*, 100 F.3d 1061, 1065-66 (3d Cir. 1996) (en banc). Schroder bears the initial burden of demonstrating a prima facie case of unlawful discrimination. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). Then, the burden of production shifts to the school to articulate a legitimate, nondiscriminatory reason for its

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment. Summary judgment is appropriate where "there is no genuine dispute as to any material fact" and thus "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is a genuine issue when there is evidence sufficient to support a reasonable jury returning a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We view the record in the light most favorable to Schroder—the nonmoving party. *Id.*

3

decision. *Id.* Finally, the burden of production returns to Schroder to show by a preponderance of the evidence that this rationale is pretextual by submitting evidence which "1) casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication; or 2) allow the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *Id.* at 762. Schroder must do more than demonstrate that Pleasant Valley made a wrong or mistaken decision, rather she must show "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the employer's explanation that allow a reasonable factfinder to believe that the employer did not truly act for the asserted reason. *Id.* at 765.

Assuming that Schroder has established a prima facie case, the School District has articulated a legitimate, nondiscriminatory reason for its failure to give Schroder a permanent bus run and more substitute assignments. Specifically, the School District asserts that Schroder received less work and was not given a permanent bus run because she was unreliable. A substitute is someone who is frequently called in at the last minute and thus reliability can be an especially important factor in determining whether to continue to call someone in for work. Schroder does not dispute that the School District took issue with her reliability throughout the entire course of her employment.

Schroder has failed to present any evidence that demonstrates that this rationale was pretextual. Nothing in the record indicates that these reasons are fabrications. In fact, Schroder, herself, wrote a letter to the School District after her first evaluation to explain her frequent absences. Further, Dr. Pullo's letter alone does not present an

4

inconsistency that would allow a reasonable trier of fact to conclude that the School District did not act for the reasons stated but instead for impermissible discriminatory reasons. As substitute bus aides do not acquire seniority, the fact that the pool of potential substitutes increased would explain why Schroder was called in less, especially if Schroder was considered unreliable. Ultimately, there is no evidence in this record that her race, gender or national origin played any role in any alleged adverse employment decision. Thus, summary judgment was appropriately granted in favor of the School District.

For similar reasons, Schroder's mixed-motive theory fails. Under such a theory, a plaintiff need only show that her race, gender or national origin was a motivating factor in the adverse employment action. *Makky v. Chertoff*, 541 F.3d 205, 213 (3d Cir. 2008) (citing 42 U.S.C. § 2000e-2(m)). "The essence of a mixed-motive theory is the recognition that there may be a legitimate reason, as well as a prohibited reason, for the adverse employment action." *Id.* at 215. As Schroder has not introduced any evidence that her race, gender or national origin played any part in her alleged adverse employment action, the District Court correctly granted summary judgment in the School District's favor.

III.

The District Court's Decision and Order will be affirmed.

5